YARRUT, Judge.
Gulf Enterprises, Inc., a building material wholesaler, filed suit against its fi *656 delity insurer, Maryland Casualty Company, to recover $8,336.92, the value of merchandise stolen over a nine-month period by an employee. A copy of a proof of loss, submitted by Plaintiff to its insurer, was attached to the petition. The proof of loss included inventory records, statements reflecting shortages in inventory during the period the systematic theft is alleged to have occurred, the name of the accused employee, and statements by co-workers attesting to the dishonesty of the accused.
Defendant filed exceptions of no right or cause of action, asserting that, because its insured’s claim is dependent upon an inventory computation to prove both the theft and the amount stolen, Plaintiff is precluded from recovery by this exclusionary clause in the policy:
“This Policy doees not apply:
******
(b) under insuring Agreement 1, to loss or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation, provided, however, that this paragraph shall not apply to loss of Money, Securities or other property which the insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees, * *
The Trial Court maintained the exception of no cause of action and dismissed Plaintiff’s suit. It has appealed from that judgment.
The only question before us is whether Plaintiff’s pleadings state a cause of action. Our jurisprudence clearly sets forth the criterion by which we should interpret the pleadings to determine whether an exception is properly pleaded. The rule is that a suit should not be dismissed on exceptions if the allegations of the petition set forth a cause of action to any part of the demand. It was succinctly stated by the Supreme Court in Elliott v. Dupuy, 242 La. 173, 135 So.2d 54, as follows:
“It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true, and that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand. * * * ”
Applying that rule to the instant case, we note the petition alleges a loss of $8,336.92 through a series of systematic thefts by one employee. While inventory records are attached to the petition, there is nothing to indicate Plaintiff is solely dependent on them to prove the occurrence of the thefts, or the resultant loss. The documents attached also include synopses of co-workers’ statements connecting the accused employee with the thefts. We think this is sufficient to state a cause of action to permit Plaintiff an opportunity to prove its claim.
Although the interpretation of the exclusionary clause was briefed and argued for our benefit by both counsel, this issue is not before us. Until it is known what evidence Plaintiff will adduce in support of its claim, any discussion of the effect of this provision would be premature.
For the reasons assigned, the judgment appealed from is annulled; and this matter is remanded to the District Court for further proceedings in conformity with the views we have expressed herein.
Judgment annulled and case remanded.